IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RANDY L. HAMMER,**

        **Petitioner,**

v.                                             **CIVIL ACTION NO. 3:21-CV-166 (GROH)**

**SHAWN STRAUGHN,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

This case was initiated on October 14, 2021, when the Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.[1] On the same date he filed his petition, Petitioner paid the $5.00 filing fee. ECF No. 4. Petitioner is currently an inmate at the Northern Regional Jail in Moundsville, West Virginia, whose next parole hearing is March 21, 2069.[2]

This case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

---

[1] All ECF references herein are in the instant case, 3:21-CV-166, unless otherwise noted.

[2] See West Virginia Division of Corrections and Rehabilitation Offender Search for Prisons. https://apps.wv.gov/ois/offendersearch/doc

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Petitioner's State Conviction, Sentence and Direct Appeal

On June 30, 2014, Petitioner was charged in Wirt County, West Virginia Circuit Court in an indictment returned in case number 14-F-24, with: one count of sexual assault in the first degree; one count of sexual assault in the second degree; two counts of sexual abuse by a parent; and two counts of incest.  ECF No. 13-1.  The indictment was based on facts from separate offenses which occurred in 2004 and 2013, and which involved the same victim.  Id.  Petitioner was charged in Counts 1 through 3 with sexual intercourse with his daughter, K.M.H., who was five years old, and which sexual assault occurred in June or July of 2004.  ECF No. 13-1.  Petitioner was charged in Counts 4 through 6 with sexual intercourse with his daughter, K.M.H., who was fourteen years old in August of 2013.  Id.

On August 19, 2015[3], a Wirt County jury found petitioner guilty of all six counts of the indictment.  ECF No. 13-2.  Petitioner was sentenced on October 13, 2015[4], to: one term of not less than fifteen nor more than thirty-five years in prison on Count One for first degree sexual assault; two terms of not less than ten nor more than twenty years in prison on Counts Two and Five for sexual assault by a parent; two terms of not less than five nor more than fifteen years on Counts Three and Six for incest; and one term of not less than ten nor more than twenty-five years on Count Four for sexual assault in

---

[3]   The order of conviction states that the trial was conducted from August 17, 2015, through August 19, 2015, but does not specify the precise date of the jury's verdict.  ECF No. 13-2.

[4]   The sentencing hearing was held on October 13, 2015, but the sentencing order was not entered until October 15, 2015.

the second degree. ECF No. 13-3 at 3. All six sentences were ordered to run consecutively to one another.

### B. First State Court Habeas Proceedings in West Virginia Supreme Court of Appeals

On September 9, 2016, Petitioner filed a petition for a writ of habeas corpus in the West Virginia Supreme Court of Appeals, in case number 16-0843. ECF Nos. 13-5, 13-6. Therein, Petitioner argued that the prosecutor who prosecuted Petitioner's criminal case did not live in Wirt County, and thus was ineligible to fill the elected office of Prosecuting Attorney. ECF No. 13-6 at 4, 8, 10 – 13. Petitioner further argued that Wirt County Circuit Court was without jurisdiction to prosecute him because the county was "[w]ithout a lawful prosecutor." Id. at 4. The respondent warden filed a response and motion to dismiss the petition on October 24, 2016. ECF No. 13-7. The warden conceded that the Wirt County Prosecutor lived in Wood County, not Wirt County, but asserted that pursuant to W.Va. Code § 6-5-4, was not required to reside in Wirt County to be lawfully elected to or hold the office of Prosecuting Attorney. Id. at 6. By order issued April 5, 2017, the Supreme Court of Appeals refused the petition. ECF No. 13-5.

### C. Second State Habeas Proceeding in Wirt County Circuit Court

Petitioner filed[5] another petition for habeas corpus on August 1, 2017. ECF No. 13-8. He again asserted that his conviction was invalid because: (1) there was no lawful county prosecutor; (2) the prosecutor "was not delegated the authority" to represent the State; (3) Wirt County Circuit Court lacked jurisdiction because "there was no officer to represent the State"; and (4) his due process rights were violated because

---

[5] Petitioner filed this action in the Circuit Court of Marshall County, in case number 17-C-160. Upon the Respondent's motion, the matter was later transferred to the Circuit Court of Wirt County and assigned case number 17-P-15. ECF Nos. 13-9, 13-10, 13-11.

3

the prosecutor "was not an officer of the county or State". Id. On February 17, 2021, the Petitioner filed a notice of voluntary dismissal of the petition. ECF No. 13-13.

### D.     Second State Sentencing and Appeal in Wirt County Circuit Court

For the purposes of appeal, Petitioner was resentenced on December 6, 2018, with an unchanged period of incarceration. ECF No. 13-14 at 8. Following Petitioner's resentencing, he appealed his sentence to the West Virginia Supreme Court of Appeals (WVSCA) on January 7, 2019. State v. Randy H., No. 19-0015, 2020 WL 2735566, at *1 (W. Va. May 26, 2020)[6]. On May 26, 2020, the Supreme Court of Appeals issued a memorandum decision that affirmed Petitioner's sentences as "within statutory limits" and noted that Petitioner did not allege his sentences were based on an impermissible factor. Id. at *3. The mandate for that decision issued on July 20, 2020. ECF No. 13-20.

### E.     Second State Court Habeas Corpus Proceedings Before the West Virginia Supreme Court of Appeals

On March 26, 2021, Petitioner filed another petition for habeas corpus in the West Virginia Supreme Court of Appeals, in that court's docket number 21-0244. ECF No. 13-16. All nine of the claims raised therein are premised on Petitioner's assertion that the prosecutor involved in his criminal prosecution was invalidly elected based on the prosecutor's different county of residence. Id. Respondent filed a summary response on April 27, 2021. ECF No. 13-17. By order issued August 19, 2021, the Supreme Court of Appeals refused the petitioner's request for a writ of habeas corpus. ECF No. 13-18.

---

[6] http://www.courtswv.gov/supreme-court/memo-decisions/spring2020/19-0015memo.pdf

**F.    Instant Federal Habeas Petition**

In his § 2254 petition filed herein on October 14, 2021, Petitioner raises four grounds for relief. All of the issues raised assert violations of Petitioner's due process rights because: (1) the prosecutor in his case was not a resident of the county where Petitioner was convicted; (2) the prosecutor was an "unauthorized" attorney who "initiated" an indictment; (3) the Wirt County Circuit Court was without jurisdiction to prosecute him because the county prosecutor was "not eligible for election"; and (4) the presiding Wirt County Circuit Judge had actual knowledge that the elected prosecutor did not reside in Wirt County. ECF No. 6 at 6 – 15. Petitioner acknowledged in his petition that he raised all four of these claims in a prior habeas corpus proceeding, but asserted that none of the issues were ruled upon in state court because the case was refused by the Supreme Court of Appeals. Id. at 7 – 8, 9 – 10, 12, 14 - 15.

Respondent filed a motion to dismiss or for summary judgment, along with a memorandum in support and multiple exhibits, on November 23, 2021. ECF Nos. 13, 13-1 through 13-20, 14. Therein, Respondent argues that Petitioner is not entitled to relief because: (1) the petition is untimely, having been filed more than one year after the expiration of the deadline to file such a petition pursuant to the AEDPA; (2) Petitioner is not entitled to equitable tolling; and (3) Petitioner's claims wholly involve an interpretation of state law and are thus not cognizable on federal habeas corpus review. ECF No. 14 at 8 - 14.

On December 13, 2021, Petitioner filed a response to the motion to dismiss. ECF No. 17. Petitioner asserts that the statute of limitations clock began to run on February 18, 2021, and that 36 days later he filed an original jurisdiction petition for

habeas corpus in the WVSCA in that court's docket number 21-0244.  Id. at 1 – 2.  On August 19, 2021, the WVSCA refused the request for a writ of habeas corpus.  Id.  Petitioner filed the instant petition for federal habeas corpus relief 55 days later.  Accordingly, Petitioner contends that only 91 days of the one-year time frame for filing a federal habeas claim had elapsed.  Id.

Further, Petitioner cites to State ex rel. Sandy v. Johnson, 212 W.Va. 343, 571 S.E.2d 333, 339 (2002), which holds that, "where physical residency is a condition for election, 'the residency requirement must be strictly construed.'"  ECF No. 17 at 12.  Petitioner further contends that "there is not a single provision in the West Virginia Constitution or the West Virginia Code which allows a person the privilege of being a candidate for county office in a county he is not domiciled in."  Id. at 13.  Petitioner attached exhibits to his response, including transcript excerpts from Wirt County Circuit Court case number 14-F-24.  In an excerpt from August 11, 2015, the Circuit Court definitively ruled against Petitioner's request for appointment of a special prosecutor on the same state law ground raised in the instant petition:

> THE COURT: The State Statute clearly allows the prosecutor [to be] a resident of another county.  That's the only county official that's permitted to do so and Mr. Davitian has been duly elected by the citizens of Wirt County to represent them as their prosecutor, so the motion [to appoint a special prosecutor] will be denied.

ECF No. 17-2 at 3:23 – 4:4.

On December 22, 2021, Respondent filed a reply.  The reply addressed both the timeliness of the petition and that the substance of Petitioner's claims is based entirely on an interpretation of state law, meaning that those claims are not cognizable in a federal habeas corpus claim.  ECF No. 18.

### III.     LEGAL STANDARD

#### A.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

### B.      Petitions for Relief Under 28 U.S.C. § 2254

All petitions for habeas corpus relief under § 2254 are subject to a strict one-year period of limitation, based on the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Further, pursuant to Rule 3, of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he time for filing a petition is governed by 28 U.S.C. § 2244(d)."   That statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Substantively, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper.  Under 28 U.S.C. § 2254(a) a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b). Moreover, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).

The statute further addresses when a writ of habeas corpus shall not be granted to a state prisoner:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000). The statute also fully addresses factual determinations made in state court:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254 (e).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300-01 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

## IV.     ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[8] Thus, absent any state court post-conviction proceeding that would have tolled the federal limitation period, the petitioner

---

[8] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Therefore, the AEDPA applies to this petition.

had one year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

Petitioner contends he timely filed this petition. Respondent argues that despite the tolling of the statute of limitations during the pendency of appellate or habeas proceedings, following the conclusion of each direct or collateral attack, the clock restarted. Accordingly, Respondent contends that the cumulative time when the matter was not tolled exceeded the one-year limitation period. ECF No. 14. Respondent acknowledged that Petitioner's December 6, 2018, resentencing order "was a formality required for Petitioner to file a 'timely' direct appeal after he declined to do so following his 2015 judgment, conviction and sentence." ECF No. 14 at 9, n. 3. However, Respondent contends that un-tolled periods of time **prior** to the December 6, 2018, resentencing should be counted toward the one-year limitation period. ECF No. 14 at 9 – 11.

It appears to the undersigned that the statute of limitations clock did not merely restart after Petitioner was resentenced, but was reset. The reset of the clock on December 6, 2018, provided Petitioner one year from date of his resentencing, plus any period of time which was tolled thereafter, in which to file a habeas corpus action.

Accordingly, following his December 6, 2018, resentencing, the clock ran for 31 days until Petitioner filed a direct appeal on January 7, 2019, at which the time the statute of limitations clock was tolled. Petitioner's direct appeal remained pending until July 6, 2020, when the mandate of the Supreme Court of Appeals issued as to the Court's May 26, 2020, memorandum decision which affirmed Petitioner's conviction and sentence. Thus, on July 7, 2020, the one-year limitations clock restarted and continued

11

to run until Petitioner filed a second original jurisdiction habeas corpus proceeding in the Supreme Court of Appeals on March 26, 2021. ECF No. 13-16. During this period, 262 days passed. The filing of that habeas corpus petition again tolled the one-year limitation period. When the Supreme Court of Appeals refused Petitioner's request on August 19, 2021, the one-year limitation clock again began to run. From August 20, 2021, until the filing of the instant action, an additional 55 days passed. In total, 348 days were credited to the one-year statute of limitations. Accordingly, it appears to the Court that the petition was timely filed.

However, notwithstanding the timeliness of the petition, when this case is considered on the merits, Petitioner is not entitled to relief. Petitioner seeks the writ habeas corpus upon four grounds which are all related to the propriety of the elected prosecutor for Wirt County, West Virginia, being a resident of Wood County, West Virginia.

Respondent has cited to the provisions of West Virginia Code § 6-5-4, in support of his contention that Petitioner's claims are without merit based on state law. ECF No. 14 at 12 – 13. That statute provides:

> The governor, secretary of state, state superintendent of free schools, auditor, treasurer, attorney general and commissioner of agriculture, shall reside at the seat of government during their term of office, and keep there the public records, books and papers pertaining to their respective offices. Every judge of a circuit court shall, during his continuance in office, reside in the circuit for which he was chosen. **Every county and district officer, except the prosecuting attorney, shall, during his continuance in office, reside in the county or district for which he was elected.** And the removal by any such officer from the state, circuit, county or district for which he was elected or chosen shall vacate his office.

W. Va. Code § 6-5-4 (emphasis added).  Further, Respondent argues that because Petitioner's claims do not implicate federal law and are entirely based on West Virginia statutes and case law, his claims are not cognizable on federal habeas review.  ECF No. 14 at 7 – 8, 12.  Respondent cites to a Fourth Circuit ruling that, "when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review.  Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000), citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).  Estelle held that, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  502 U.S. at 67–68.

Further, Respondent argues that the West Virginia Supreme Court of Appeals has already addressed this issue in a related[9] case and found "that the constitutional provision and the statutory provision each exempt the office of the Prosecuting Attorney from the county residence requirement."  Id. at 13, citing Thomas H. v. Pszczolkowski, No. 19-1070, 2020 WL 5588611, at *4 (W. Va. Sept. 18, 2020).

In his response to the motion to dismiss or for summary judgment, Petitioner does not directly address these holding, but instead appears that Petitioner misreads the statute.  ECF No. 17 at 14 – 15.

The holdings of the Supreme Court and Fourth Circuit are clear that when a habeas petition involves solely issues of state law, which have already been determined

---

[9] Respondent notes that Thomas H. is Petitioner's son.  ("The charges stemmed from allegations that petitioner [Thomas H.], his father [Randy H.], and his brothers repeatedly sexually abused his teenage sister.")  Thomas H. v. Pszczolkowski, No. 19-1070, 2020 WL 5588611, at *1 (W. Va. Sept. 18, 2020).

13

by a state court, those issues cannot be reconsidered in a federal habeas corpus action. Moreover, an exhibit provided by Petitioner in his response to the motion for summary judgment appears dispositive. The excerpted transcript from August 11, 2015, shows that the Circuit Court of Wirt County directly ruled upon the applicability of state law to Petitioner's claims related to the Wirt County Prosecutor's county of residence, and found that the statue clearly allowed the prosecutor to be a resident of another county. ECF No. 17-2 at 3:23 – 4:4. Further, the Circuit Court ruled that the office of the Prosecuting Attorney was the only state or county official permitted to have a different county of residence from the county of election. Id. Following the ruling on the applicability of the law, the Circuit Court made a factual finding that the Wirt County Prosecutor "has been duly elected by the citizens of Wirt County to represent them as their prosecutor." Id.

Moreover, the West Virginia Supreme Court of Appeals has ruled on the same issue in the related case of Petitioner's co-defendant and son, Thomas H., that both the constitution and statute exempt the office of the Prosecuting Attorney from the county residence requirement which would otherwise apply. Thomas H. v. Pszczolkowski, 2020 WL 5588611, at *4. Accordingly, it appears that the four issues raised by Petitioner are all variations on his claim that there is a county residency requirement for West Virginia Prosecuting Attorneys, which claim has been denied in Petitioner's case by the presiding state circuit court and Supreme Court of Appeals in a co-defendant's case.

Accordingly, because Petitioner's claims are all precluded from consideration by this Court under 28 U.S.C. § 2254, he has failed to state a claim upon which relief may be granted, and his petition should be denied and dismissed.

## V.  RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petition [ECF No. 6] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**, and should thereafter be dismissed from the docket.  It is further RECOMMENDED that Respondent's motion to dismiss or for summary judgment [ECF No. 13] should be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   May 16, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE