IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RANDY L. HAMMER,**

    Petitioner,

v.         CIVIL ACTION NO.: 3:21-CV-166 (GROH)

**SHAWN STRAUGHN,**

    Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on May 16, 2022.  ECF No. 22.  Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R.  Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss with prejudice the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The magistrate further recommends that this Court grant the Respondent's Motion to Dismiss and for Summary Judgment.  ECF No. 13.  The Petitioner timely filed his objections to the R&R on June 6, 2022.  ECF No. 24.  Accordingly, this matter is now ripe for adjudication.

### I.  BACKGROUND

The Petitioner initiated this civil action, pro se, on October 14, 2021, by filing a petition for habeas corpus.  ECF No. 1.  On November 1, 2021, the Petitioner submitted his claims on the Court-approved form for a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  ECF No. 6.  Therein, the Petitioner raises four grounds for relief, all involving the legitimacy, or alleged lack thereof, of the Wirt County Prosecuting Attorney.

The criminal matter underlying the Petitioner's petition stems from a 2014 Wirt County, West Virginia Indictment that charged the Petitioner with one count of sexual assault in the first degree of a female child under the age of twelve, one count of sexual assault in the second degree, two counts of sexual abuse by a parent and two counts of incest.  ECF No. 13-1.  A jury found the Petitioner guilty of all six counts.  ECF No. 13-2.  The Petitioner was initially sentenced on October 13, 2015, and then resentenced on October 9, 2018.  ECF Nos. 13-3, 13-4.  The Wirt County Circuit Court Judge sentenced the Petitioner to one term of not less than fifteen (15) nor more than thirty-five (35) years incarceration for first degree sexual assault, one term of not less than ten (10) nor more than twenty-five (25) years incarceration for sexual assault in the second degree, two terms of not less than ten (10) nor more than twenty (20) years incarceration for sexual assault by a parent and two terms of not less than five (5) nor more than fifteen (15) years incarceration for incest, all to run consecutively.  ECF No. 13-4.

In the instant petition, the Petitioner alleges that his due process rights were violated during his criminal case because (1) the Wirt County Prosecuting Attorney was "an unelected imposter," who did not have authority to bring criminal charges, (2) the Wirt County Prosecuting Attorney was an unauthorized attorney acting on behalf of the State, (3) the Wirt County Circuit Court did not have jurisdiction to hear his criminal case because the Wirt County Prosecuting Attorney had no authority to act as a prosecutor and (4) the Wirt County Circuit Court Judge committed judicial misconduct by allowing the Wirt County Prosecuting Attorney to unlawfully appear as a prosecutor.  ECF No. 6.

The Petitioner conceded that he raised all four of these claims in prior state habeas proceedings. For relief, the Petitioner requests that this Court reverse his adverse jury verdict and dismiss all charges against him.

Upon reviewing the record, the Court finds that the factual and procedural background as explained in the R&R accurately and succinctly describes the evolution of the Petitioner's civil action and the factual circumstances underlying the Petitioner's claims. Further, the Petitioner did not object to the Factual and Procedural History Section of the R&R. For ease of review, the Court incorporates that history herein.

In his R&R, Magistrate Judge Trumble recommends that this Court deny and dismiss with prejudice the Petitioner's habeas petition. Despite the Respondent's contentions, Magistrate Judge Trumble found that the Petitioner did indeed timely file his federal habeas petition. Nonetheless, the magistrate found that the Petitioner is not entitled to relief based on the claims raised in his petition.

The magistrate noted that all four of the Petitioner's arguments are based on his interpretation of West Virginia state law promulgating a county residency requirement for West Virginia Prosecuting Attorneys. The magistrate highlighted the precedent established by the West Virginia Supreme Court of Appeals on this issue in a case involving the Petitioner's son and similar criminal conduct, Thomas H. v. Pszczolkowski, No. 19-1070, 2020 WL 5588611, at *4 (W. Va. Sept. 18, 2020), as well as by the Wirt County Circuit Court in the Petitioner's own underlying criminal case, [ECF No. 17-2 at 3-4]. Because the Petitioner's arguments are based on West Virginia statutes and case law, and have been ruled upon by the state court, the magistrate found that these claims are not cognizable on federal habeas review.

The Petitioner timely filed his objections to the R&R on June 6, 2022.  ECF No. 24. The Respondent has not filed any objections or a response to the Petitioner's objections, and the time to do so has passed.  Accordingly, this matter is now ripe for adjudication.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

4

clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Clear error is a very deferential standard of review. United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012). A court will find a decision clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." HSBC Bank USA v. F & M Bank N. Virginia, 246 F.3d 335, 338 (4th Cir. 2001) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.  DISCUSSION

Upon review of the filings in this matter, the Court finds that the Petitioner has raised three objections to the magistrate judge's R&R.  ECF No. 24.  First the Petitioner objects to the magistrate judge's finding that all four of the Petitioner's claims involve the legitimacy of the Wirt County Prosecuting Attorney.  However, in support, the Petitioner does not argue that his claims relate to another issue.  Instead, the Petitioner continues to argue the issue.

The Petitioner cites to portions of the West Virginia Constitution, case law and trial transcript in an attempt to prove that the Wirt County Prosecuting Attorney is subject to a residency requirement.  Because the Petitioner "merely reiterates the same arguments made" in his petition, "the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  Taylor, 32 F. Supp. 3d at 260-61.  Upon review of the four grounds raised in the Petitioner's § 2254 petition [ECF No. 6], this Court finds that the magistrate accurately observed that each ground presents an argument related to the legitimacy of the Wirt County Prosecuting Attorney.  Therefore, this Court holds that no clear error exists on this issue in the magistrate's R&R.  Accordingly, the Petitioner's objection to magistrate's finding that each of his claims involves an argument pertaining to the Wirt County Prosecuting Attorney's legitimacy is **OVERRULED**.

Next, the Petitioner objects to the magistrate's reliance on West Virginia Code § 6-5-4.  Despite the Petitioner's emphasis on other portions of the statute, the statute clearly states that "[e]very county and district officer, *except the prosecuting attorney*, shall, during his continuance in office, reside in the county or district for which he was elected."  W. Va. Code § 6-54-4 (emphasis added).  This Court finds that the magistrate properly

relied on the state statute and that it is plainly apparent from the face of the statute that prosecuting attorneys are exempt from the residency requirement. Indeed, this was the finding of the West Virginia state courts as well. Therefore, the Petitioner's objection to the magistrate's reliance on West Virginia Code § 6-5-4 is **OVERRULED**.

Lastly, the Petitioner again takes issue with the magistrate's finding that all four of the Petitioner's claims are variations of the same argument, that a county residency requirement exists for prosecuting attorneys. The Petitioner argues that the magistrate's characterization misconstrues his argument. However, in support, the Petitioner merely reiterates his argument that the Wirt County Prosecuting Attorney was improperly elected and had no authority to represent the State of West Virginia in criminal proceedings. The Petitioner cites to his earlier filings, as well as federal case law, and asserts that he has proven that the Wirt County Prosecuting Attorney was illegally elected, making his indictment and prosecution unconstitutional.

As discussed above, this Court finds that the magistrate accurately observed that each of the Petitioner's four grounds for relief center on his argument that the Wirt County Prosecuting Attorney is statutorily subject to a residency requirement. As before, this Court holds that no clear error exists on this issue in the magistrate's R&R. Accordingly, the Petitioner's objection to magistrate's finding that each of his claims involves an argument pertaining to the Wirt County Prosecuting Attorney's residency is **OVERRULED**.

Ultimately, the Petitioner's objections have no merit. Further, the Petitioner did not object to any of the magistrate's dispositive findings, including that the Petitioner already raised these issues in state habeas petitions, his claims are based wholly on an

interpretation of West Virginia state law and he is now precluded from reraising those issues in a federal habeas action. Therefore, the Court will **ADOPT** the magistrate's R&R in this matter.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 22] should be, and is, hereby **ORDERED ADOPTED**. For the reasons stated more fully in the R&R, the Petitioner's Petition for Writ of Habeas Corpus [ECF No. 6] pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED WITH PREJUDICE**.

Further, the Respondent's Motion to Dismiss [ECF No. 13] is **GRANTED** based on the Petitioner's failure to state a claim on which relief can be granted.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** August 29, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE